UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARTAN M. STEPHAN, | ) Case No. CV 09-6397-RSWL(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| JAMES WALKER [WARDEN], PEOPLE | ) PETITION FOR HABEAS CORPUS |
| OF THE STATE OF CALIFORNIA, | ) |
| Respondents. | ) |

On September 2, 2009, petitioner Vartan M. Stephan, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 25 years to life sentence in Los Angeles County Superior Court case no. GA024107.[1]

//

//

---

[1] This is petitioner's third successive habeas corpus petition within the last month, and petitioner is advised that, if he continues filing habeas corpus petitions without authorization from the Court of Appeals, this Court will consider declaring him a vexatious litigant and directing the Clerk of Court not to accept any more habeas corpus petitions challenging his state court conviction without first obtaining a filing fee and the permission of a judge of this district court.  See Local Rules 83-8.2.

**BACKGROUND**

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner:  (1) Stephan v. Galasa, case no. CV 98-2225-RSWL(RC) ("Stephan I").  The records in Stephan I show that on March 27, 1998, petitioner filed a federal habeas corpus petition challenging the same criminal judgment he challenges here, and on October 16, 1998, Judgment was entered in Stephan I denying the habeas petition on the merits and dismissing the action.  The petitioner did not appeal the Judgment to the Ninth Circuit Court of Appeals.

**DISCUSSION**

The instant petition is governed by the provisions of Section 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), which amends 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals.  A district court must dismiss a second or successive petition [. . .] unless the court of appeals has given approval for the filing.'"  In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir.

1  1999)).

2     Here, the instant petition is a second or successive petition
3  challenging petitioner's sentence.  Moreover, it plainly appears on
4  the face of the petition that petitioner has not moved in the Ninth
5  Circuit Court of Appeals for an order authorizing this Court to
6  consider the instant successive petition.  Under the Act, a successive
7  habeas petition is not a matter of right -- and the gatekeeping
8  function belongs to the Court of Appeals, not to the district court.
9  Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333, 135 L. Ed. 2d
10 827 (1996).  This Court, thus, must dismiss the instant habeas corpus
11 petition as a successive petition for which it lacks subject matter
12 jurisdiction under 28 U.S.C. § 2244(b)(3).

13    Rule 4 of the Rules Governing Section 2254 Cases in the United
14 States Courts provides that "[i]f it plainly appears from the petition
15 and any attached exhibits that the petitioner is not entitled to
16 relief in the district court, the judge must dismiss the petition and
17 direct the clerk to notify the petitioner."  28 foll. U.S.C. § 2254,
18 Rule 4.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the successive petition for writ of habeas corpus for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk shall notify petitioner of the dismissal.

DATE: September 11, 2009

RONALD S.W. LEW
_____
HONORABLE RONALD S.W. LEW
SENIOR U.S. DISTRICT COURT JUDGE

PRESENTED BY:

DATE:  September 4, 2009

 /S/ ROSALYN M. CHAPMAN
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-6397.mdo
9/4/09

4